# United States Court of Appeals for the Federal Circuit

04-1459

TIMBER PRODUCTS CO.,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Beth C. Ring, Sandler, Travis & Rosenberg, P.A., of New York, New York, argued for plaintiff-appellant.

Mikki Graves Walser, Attorney, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice, of New York, New York, argued for defendant-appellee. With her on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Barbara S. Williams, Attorney in Charge, International Trade Field Office. Of counsel on the brief was Michael W. Heydrich, Office of the Assistant Chief Counsel, United States Customs and Border Protection, of New York, New York.

Appealed from: United States Court of International Trade

Judge Donald C. Pogue

# United States Court of Appeals for the Federal Circuit

04-1459

TIMBER PRODUCTS CO.,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED: July 27, 2005

_____

Before MICHEL, Chief Judge, PLAGER, Senior Circuit Judge, and LINN, Circuit Judge.

PLAGER, Senior Circuit Judge.

This case involves the proper tariff classification of Brazilian plywood imported into the United States by Appellant Timber Products Co. ("Timber"). The United States Customs Service ("Customs") classified the subject merchandise under subheading 4412.14.30 of the Harmonized Tariff Schedule of the United States ("HTSUS"), a residual provision for plywood. Timber instead seeks classification under the more specific subheading 4412.13.40, which includes plywood made in part from Virola wood, and which would render the merchandise eligible for duty-free treatment. Because the plywood at issue contains a number of different woods of differing species, Timber, in order to show that the imported plywood falls within the latter provision, must establish that the term "Virola" is a commercial designation that includes a variety of woods, and that it applies to the merchandise at issue.

The United States Court of International Trade rejected Timber's attempt to prove a commercial meaning for the term "Virola" and consequently denied Timber's motion for summary judgment and granted the Government's cross-motion for summary judgment. Timber Prods. Co. v. United States, 341 F. Supp. 2d 1241 (Ct. Int'l Trade 2004). We conclude that the trial court misapplied the test established by this court and its predecessors for determining whether a tariff term has an established commercial meaning different from its common meaning. We therefore vacate the judgment of the trial court and remand for further proceedings.

BACKGROUND

The plywood at issue in this case was imported from Brazil into the United States between July 1996 and December 1997. Timber's shipping and entry documents listed the subject merchandise as "Sumauma (C. Pentanda) Plywood," "Faveira (Parkia Spp.) Plywood," "Amesclao (T. Burseaefolia) Plywood," "Brazilian White Virola Rotary Cut Plywood," "White Virola (Virola spp.) Plywood," and "Edaiply Faveira (Parkia spp.) Plywood." Customs liquidated the plywood under subheading 4412.14.30, HTSUS (1997), a residual, or 'basket,' provision for plywood with at least one outer ply of nonconiferous wood.[1]

Timber asserts that the subject merchandise should be classified instead under subheading 4412.13.40, HTSUS (1997), which explicitly covers plywood with at least

---

[1]      Subheading 4412.14.30, HTSUS (1997) reads:

4412          Plywood, veneered panels and similar laminated wood:
                    Plywood consisting solely of sheets of wood, each ply
                    not exceeding 6 mm in thickness:
4412.14             Other, with at least one outer ply of
                    nonconiferous wood:
4412.14.30                Other

one outer ply of one of several enumerated tropical woods, including "Virola."[2] According to Timber, the term "Virola" is a commercial designation in the plywood trade for a group of approximately thirty-five "near-species" of tropical hardwood with similar physical properties, including density and hardness. Timber alleges that the imported plywood, referred to in entry documents by the names Sumauma, Faveira, Amesclao, and White Virola, comes within that commercial designation.

After Customs denied protests filed by Timber in accordance with 19 U.S.C. § 1514, Timber filed a complaint with the Court of International Trade. The parties subsequently filed cross-motions for summary judgment.

Because the term "Virola" is not statutorily defined, the trial court began its analysis by determining the common meaning. After consulting two dictionaries and the Explanatory Notes Annex for Chapter 44 of the HTSUS, the trial court concluded that "the term 'virola' would then appear to encompass any wood of a tree of the genus 'virola,' but not the wood of trees of other genuses." Timber Prods., 341 F. Supp. 2d at 1247.

The trial court then turned to Timber's argument that "Virola" has an established commercial meaning that supersedes the common meaning of the term. The court found that Timber failed to make a sufficient showing of a commercial meaning that is

---

[2] Subheading 4412.13.40, HTSUS (1997) reads:

| 4412 | Plywood, veneered panels and similar laminated wood: |
| | Plywood consisting solely of sheets of wood, each ply not exceeding 6 mm in thickness: |
| 4412.13 | With at least one outer ply of tropical wood specified in subheading note 1 to this chapter: |
| 4412.13.40 | Other: |
| | With at least one outer ply of the following tropical woods: . . . Virola . . . |

"definite, uniform, and general throughout the trade," the standard set forth by this court in Rohm & Haas Co. v. United States, 727 F.2d 1095 (Fed. Cir. 1984). Timber had produced affidavits and deposition evidence that the term "Virola" had a commercial meaning in the wholesale plywood trade. The trial court observed, however, that "Virola" appeared in several places throughout Chapter 44 of the HTSUS, including subheadings for types of wood other than plywood. See subheadings 4403.49.00, 4407.24.00, 4408.39.00, HTSUS (1997) (covering "wood in the rough," "wood sawn or chipped lengthwise," and "veneer sheets and sheets for plywood"). Therefore, according to the trial court, Timber could not prove a "general" commercial meaning for "Virola" without presenting evidence with regard to the term's use in the other trades that import "Virola." Because Timber's evidence addressed only the plywood trade, the trial court concluded that Timber failed to provide evidence of commercial designation sufficient to survive summary judgment.

The trial court further noted that Timber failed to make an initial showing that its purported commercial designation would apply to the merchandise before the court. Timber concedes that, due to the particulars of the manufacturing and export processes, the exact botanical species of the outer ply of each plywood panel is unknown, and the name appearing on the entry documents for a given shipment of plywood does not identify the species of all the outer plies in the shipment. Because Timber cannot determine the true species of its entries, the trial court concluded that Timber had failed to make a threshold showing that the imported plywood could be classified under Timber's proffered commercial designation, which the court understood to be based on species.

04-1459                                    4

Accordingly, the trial court denied Timber's motion for summary judgment and granted the Government's cross-motion for summary judgment. Timber appeals; we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(5).

DISCUSSION

The proper interpretation of a tariff classification provision is a question of law. Mita Copystar Am. v. United States, 21 F.3d 1079, 1082 (Fed. Cir. 1994). When a tariff term is not defined in either the HTSUS or its legislative history, the term's correct meaning is presumed to be its common meaning in the absence of evidence to the contrary. Rohm & Haas, 727 F.2d at 1097. One who argues that a tariff term should not be given its common meaning "must prove that 'there is a different commercial meaning in existence which is definite, uniform, and general throughout the trade.'" Id. (quoting Moscahlades Bros. v. United States, 42 C.C.P.A. 78, 82 (1954)). "The concept of commercial designation 'was intended to apply to cases where the trade designation is so universal and well understood that the Congress, and all the trade, are supposed to have been fully acquainted with the practice at the time the law was enacted.'" Id. (quoting Jas. Akeroyd & Co. v. United States, 15 Ct. Cust. 440, 443 (1928)). Proof of commercial designation is a question of fact that must be established in each case. Id.

The trial court in this case rejected Timber's asserted commercial designation primarily on the ground that Timber had presented no evidence of a commercial meaning for "Virola" in trades other than the plywood trade. Timber argues that it is only necessary for it to put forth evidence with respect to plywood, the merchandise before the court. In Timber's view, by requiring proof that "Virola" has the same established commercial meaning in all trades corresponding to HTSUS subheadings containing the

term, the trial court confused the canons of statutory construction with the standard of proof for commercial designation.

The Government responds that Congress intended the term "Virola" to be interpreted consistently throughout Chapter 44, which is entitled "Wood and Articles of Wood; Wood Charcoal." Four different subheadings—those for wood in the rough, sawn wood, veneer sheets, and plywood—refer to subheading note 1, which lists "Virola" as one of the types of "tropical wood." If the term "Virola" has a commercial meaning, the Government argues, that meaning must be general and uniform throughout all the trades contemplated by the statute, including woods other than plywood.

Timber is correct. The trial court erred in its application of the commercial designation test by requiring evidence from trades other than the plywood trade. The trial court held that "to show a 'general' commercial meaning for the term 'virola', it is necessary for [Timber] to place before the court evidence with regard to the term's use generally." Timber Prods., 341 F. Supp. 2d at 1249. That statement misconstrues the "generality" requirement, which the Court of International Trade has understood to mean "extending over the entire country." Rohm & Haas Co. v. United States, 568 F. Supp. 751, 757 (Ct. Int'l Trade 1983). More importantly, it also disregards well-established precedent that a commercial meaning must be "definite, uniform, and general *throughout the trade*," not throughout commerce in general. Rohm & Haas, 727 F.2d at 1097 (emphasis added).

The relevant trade for analyzing whether a tariff term has an established commercial meaning is determined by the merchandise before the court in a particular

case, not by all merchandise to which the tariff term might apply. The Supreme Court has stated that a commercial designation may exist for a single trade: "The rule is equally applicable where a term is confined in its meaning, not merely to commerce, but to a particular trade." Hedden v. Richard, 149 U.S. 346, 349 (1893). As explained by our predecessor court, "evidence of commercial designation must show that the claimed commercial meaning is general, uniform, and definite, and not partial, local, or personal, and that this meaning must be that which is so used in *the wholesale trade which handles the merchandise involved*." United States v. Ga. Pulp & Paper Mfg. Co., 3 Ct. Cust. 410, 414 (1912) (emphasis added). The merchandise involved in the case before us is plywood, and therefore the relevant trade for commercial designation purposes is the wholesale plywood trade.

We are unaware of any cases holding that a commercial designation must be the same for different trades. The one tariff classification case relied on by the trial court, Maddock v. Magone, 152 U.S. 368 (1894), does not support that proposition. Quoting Maddock, 152 U.S. at 372, the trial court stated that "if an article or good is only known by a certain name 'in one trade or branch of trade,' no commercial designation can follow." Timber Prods., 341 F. Supp. 2d at 1248. In that case, however, there was evidence that the imported merchandise was sold in two distinct trades, which designated the goods differently; the issue was which designation applied to the merchandise before the court. The case does not stand for the proposition cited by the trial court that one asserting a commercial meaning for a tariff term must prove that the meaning extends to merchandise not before the court.

The Government argues that based on principles of statutory interpretation we should presume that the term "Virola" has a consistent meaning wherever it appears in the HTSUS. That approach might be appropriate for determining the common meaning of a tariff term, but as we stated above, a term may be shown to have a commercial meaning, different from its common meaning, within a particular trade. Rules of statutory construction do not trump the test for proof of commercial designation.

The Government also urges us to affirm the trial court's judgment on the ground that Timber cannot identify the botanical species of the outer plies of the imported plywood, and therefore is unable to prove that the subject merchandise is within the scope of Timber's asserted commercial meaning for "Virola." It does not appear from the record that the commercial meaning claimed by Timber, encompassing approximately thirty-five "near species" of tropical hardwood with similar characteristics, necessarily depends on identification of the exact species in each individual plywood panel. Accordingly, we decline to affirm the judgment of the trial court on this alternative ground; that issue will have to be more fully developed on remand.

In sum, because the court improperly required Timber to present evidence from outside the plywood trade, the trial court erroneously concluded that Timber did not prove a commercial designation. Accordingly, we vacate the trial court's judgment. On remand, the trial court should reconsider whether Timber proved a commercial meaning

for "Virola" within the plywood trade alone, and then whether the subject merchandise is included within that commercial designation.[3]

VACATED and REMANDED

---

[3] In an earlier case involving classification of similar merchandise, the plaintiff in that case presented evidence relating to whether the term "Virola" had a commercial meaning. Russell Stadelman & Co. v. United States, 242 F.3d 1044 (Fed. Cir. 2001), aff'g 83 F. Supp. 2d 1356 (Ct. Int'l Trade 1999). That case, however, addressed an earlier version of the HTSUS that used the term "Baboen" instead of "Virola." The court therefore considered whether the plaintiff had established a commercial meaning for "Baboen," the only HTSUS term at issue in that case. Id. at 1048. Though, in response to the plaintiff's argument, the court's discussion referred to the term "Virola," the only term definitively construed was "Baboen."